IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID WAYNE CORLEY, JR.                                                                   PLAINTIFF

v.                          Civil No. 2:23-cv-02018-PKH-MEF

CAPTAIN CALEB FIELDS,                                                                   DEFENDANTS
SGT. NOWICKI, CPL. ROWELAND and
DEPUTY MEANS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.    BACKGROUND

Plaintiff filed his Complaint on February 2, 2023.  (ECF No. 1).  He was granted *in forma pauperis* status that same day.  (ECF No. 3).  Plaintiff's Complaint centers on his incarceration in the Crawford County Detention Center ("CCDC").  (ECF No. 1 at 1-3).  Plaintiff alleges that on January 16, 2023, at the front booking desk of CCDC, his HIPAA[2] rights were violated.  (*Id*. at 4). Specifically, Plaintiff alleges he was pulled from his cell by a deputy to see Mental Health,  and "ended up in front desk of booking to speak on the phone with one instead." (*Id*.).  Plaintiff alleges

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").
[2] Health Insurance Portability and Accountability Act.

1

that Defendants Sgt. Nowiki, Cpl. Roweland, and Deputy Means were present, wearing their body cameras, and could hear his diagnosis and prognosis. (*Id*. at 4-5). Plaintiff alleges he "felt uneasy to let my medical issues be heard by nonchalant ears." (*Id*. at 5). Plaintiff does not indicate how Defendant Capt. Fields was personally involved in this incident. Plaintiff proceeds against all Defendants in both their official and individual capacities. (*Id*.). For his official capacity claim, Plaintiff alleges his rights were violated by "not being able to see a mental health doctor in person," and "personal invasion of client to doctor conversation." (*Id*.).

Plaintiff seeks compensatory and punitive damages. (ECF No. 1 at 9). He also asks the Court to appoint him legal counsel, appoint him a mental health professional, and order CCDC staff to act with "more professionalism." (*Id*.).

## II.   LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

Plaintiff's claim is subject to dismissal. HIPAA does not expressly or impliedly create a private cause of action. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) (HIPAA does not create a private right of action). "Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action." *Adams v. Eureka Fire Protec. Dist.*, 352 F.App'x 137, 139 (8th Cir. 2009) (unpublished). Thus, Plaintiff's claim is both frivolous and fails to state a plausible claim.

### IV.   CONCLUSION

For these reasons, it is recommended that:

(1)   The case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(2)   Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk is DIRECTED to place a § 1915(g) strike flag on the case for future judicial consideration. And,

(3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of February 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE